# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs August 19, 2015

## STATE OF TENNESSEE v. KENNETH L. WYNN

**Appeal from the Criminal Court for Hamilton County**
**Nos. 188918, 189686-189688**        **Don W. Poole, Judge**

_____

### No. E2015-00575-CCA-R3-CD – Filed October 14, 2015

_____


JAMES CURWOOD WITT, JR., J., dissenting.

Viewing the defendant's motion in the light most favorable to the movant, as we are obliged to do, *see State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014); *see also* Tenn. Sup. Ct. R. 28 § 2(H), we should accede to the State's concession that a fair reading of the claim indicates that it bespeaks an illegal sentence.

Furthermore, Rule 36.1 contains no provision disqualifying a movant on the ground that the challenged sentence has expired. Indeed, to the contrary, "Rule 36.1 states that a defendant 'may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered.'" *State v. Sean Blake*, No. W2014-00856-CCA-R3-CO, slip op. at 3 (Tenn. Crim. App., Jackson, Jan. 8, 2015) (quoting Tenn. R. Crim. P. 36.1(a)).

Because I respectfully differ from the majority on these points, I would reverse and remand the case for a hearing.


_____
JAMES CURWOOD WITT, JR., JUDGE